UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSEPH BAPTIST, RICHARD BROOKS,  )<br>PRICE DUMAS, WILLIE HUNT, and       )<br>LAMONT UPTON,                              )<br>                                                      )<br>              Plaintiffs,                        )<br>      v.                                            )      Case No. 03-CV-2115<br>                                                      )<br>CITY OF KANKAKEE, and MIKE KINKADE, )<br>in his official capacity,                     )<br>                                                      )<br>              Defendants.                     ) | |

## OPINION

This case is before the court for ruling on Defendants' Motion for Rule 11(b) Sanctions (#215). This court agrees with Plaintiffs that Defendants failed to follow the procedural requirements of Rule 11(c) of the Federal Rules of Civil Procedure. Accordingly, Defendants' Motion (#215) is DENIED.

BACKGROUND

On November 2, 2005, Defendants, City of Kankakee and Mike Kinkade, filed a Motion for Rule 11(b) Sanctions (#215) and a Memorandum in Support, with attached exhibits (#216). In their Motion, Defendants argued that they are entitled to recover the attorney fees they incurred due to the attempt by Plaintiffs, Joseph Baptist, Richard Brooks, Price Dumas, Willie Hunt, and Lamont Upton, to vacate the Agreed Judgment Order (#194) entered on September 22, 2005, which was based upon a settlement Plaintiffs agreed to on September 12, 2005. Defendants stated:

> Plaintiffs, as contained within their Motion to Alter or Amend Judgment, have decided, for reasons known only to them, to turn their backs on the agreement they made with the Court, with their counsel and with the Defendants. The record is absolutely clear that the Plaintiffs were fully advised of all terms of the settlement

agreement in open court and expressed to the court their agreement with the terms. The Plaintiffs' effort to alter the Agreed Judgment Order of September 22, 2005, based upon their contention that they "didn't understand" is baseless, without factual support and was done only for the purpose of harassment of the Defendants and, further, to needlessly and wrongfully extend this litigation. Neither the court nor the Defendants should have been required to do anything in this case other than, as to Defendants only, ensure that the requirements of the September 22, 2005 order were met.

Defendants sought attorney fees from Plaintiffs in the amount of $5,470.00 as a sanction under Rule 11. Defendants submitted exhibits supporting their claim for attorney fees.

On November 16, 2005, Plaintiffs filed their Response to Motion for Rule 11(b) Sanctions (#217). Plaintiffs argued that sanctions cannot be awarded under Rule 11 because Defendants did not comply with Rule 11's "safe harbor" provision. Plaintiffs also contended that sanctions are not warranted because they brought their motion attacking the Agreed Judgment Order for a proper purpose, based upon the conduct of their former attorney.

## ANALYSIS

In this case, this court agrees with Defendants that Plaintiffs' actions in agreeing to a settlement in open court, a settlement which was fully explained to them, and then attempting to vacate the settlement may certainly be sanctionable conduct. In its Opinion (#209) which denied Plaintiffs' Motion to Alter Judgment, this court stated:

> The record is crystal clear that Plaintiffs were advised of all of the terms of the agreement in open court and expressed to this court their

>agreement with the terms. The record therefore shows that Plaintiffs agreed to the settlement, then apparently had second thoughts about the terms of the agreement. That is not, obviously, a valid basis for vacating the Agreed Judgment Order.

However, this court agrees with Plaintiffs that Defendants did not follow the procedural requirements of Rule 11, so attorney fees may not be awarded under Rule 11.

Rule 11 requires that a motion "shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate" the rule. Methode Elecs., Inc. v. Adam Techs., Inc., 371 F.3d 923, 926 (7th Cir. 2004), quoting Fed. R. Civ. P. 11(c)(1)(A). This motion must be served on the opposing party, but, importantly, "shall not be filed with or presented to the court unless within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Methode Elecs., 271 F.3d at 926, quoting Fed. R. Civ. P. 11(c)(1)(A). "Only if the adverse party maintains its position may the movant inform the court and request sanctions." Nisenbaum v. Milwaukee County, 333 F.3d 804, 808 (7th Cir. 2003).

Therefore, in order to be entitled to sanctions under Rule 11, Defendants were required to serve their motion for sanctions on Plaintiffs and give Plaintiffs the opportunity to withdraw their Motion to Alter Judgment. See Hamil v. Mobex Managed Servs. Co., 208 F.R.D. 247, 250 (N.D. Ind. 2002); see also Corley v. Rosewood Care Ctr. Inc. of Peoria, 142 F.3d 1041, 1058 (7th Cir. 1998); Manning v. Crockett, 1999 WL 342715, at *4 (N.D. Ill. 1999). In this case, Defendants have not stated that they complied with this "safe harbor" provision, and this court must accept Plaintiffs' assertion that Defendants did not. Accordingly, Defendants' Motion must be denied on this basis. See Hamil, 208 F.R.D. at 250; Manning, 1999 WL 342715, at *4.

This court notes that "Rule 11 has not robbed the district courts of their inherent power to impose sanctions for abuse of the judicial system." Methode Elecs., 371 F.3d at 927. Consequently, under certain circumstances, a district court may impose sanctions on its own motion. See Methode Elecs., 371 F.3d at 926-27. However, "if the sanction is imposed on the court's own motion, attorney fees cannot be awarded." Methode Elecs., 371 F.3d at 926. In this case, Defendants have only requested attorney fees, and this court cannot award attorney fees on its own motion.

This court additionally notes that Rule 11 is not the only basis for awarding sanctions. Attorney fees may also be awarded under 28 U.S.C. § 1927 against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; see also Ordower v. Feldman, 826 F.2d 1569, 1574 (7th Cir. 1987) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."). This court believes that an argument could certainly be made in this case that the conduct of Plaintiffs' new counsel has unreasonably and vexatiously multiplied the proceedings in this case and that he is therefore subject to sanctions under 28 U.S.C. § 1927. However, Defendants did not request attorney fees under this statute and have only sought sanctions against Plaintiffs, not their new attorney.

For all of the reasons stated, this court concludes that Defendants' Motion (#215) has not provided a basis for allowing the relief sought and must be denied.

IT IS THEREFORE ORDERED THAT Defendants' Motion for Rule 11(b) Sanctions (#215) is DENIED.

ENTERED this 13th day of December, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE